UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. _____

| Naeem Ahmed | Complaint |
|---|---|
| Plaintiff | |
| V. | |
| 1. GOOGLE Inc.<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043<br>Phone: +1 650-253-0000<br>Fax: +1 650-253-0001<br><br>AND<br><br>2. JOHN DOE<br><br>3. JOHN DOE<br><br>4. JOHN DOE<br><br><br>Defendants | |

Mr. Naeem Ahmed (hereinafter referred to as the "Plaintiff"), for her cause of action herein, states as follows:

## INTRODUCTION

1. That the Plaintiff is filing this suit to protect its established and licensed trademark "JANG", "GEO" and "THE NEWS" (**"the Impugned Marks"**) in United States and United Kingdom, as it has recently come to the notice of the Plaintiff that very serious nature of infringements regarding the same trademarks has been seen through a website https://play.google.com/ (**the "Impugned Domain"**), being controlled and hosted by the Defendants No. 1 and being sold and promoted by the Defendants No. 2, 3 and 4. That, the Defendant No. 2 is selling and application by the name of "JANG NEWS" and the Defendant No. 3 is selling an implication by the name of "GEO NEWS" and the Defendant No. 4 is selling an application by the name of "THE NEWS APP" (**"Impugned Applications"**), all not only infringing the name of the

Impugned Marks of the Plaintiff but displaying the Impugned Marks as their display logo of the Impugned Applications. The links containing the Impugned Applications are given hereunder;

https://play.google.com/store/apps/details?id=com.snr.jang.pk&hl=en
https://play.google.com/store/apps/details?id=com.snr&hl=en
https://play.google.com/store/apps/details?id=com.muddaser.androidNews&hl=en

## PARTIES

2. That, the Plaintiff, and at all times relevant hereto, is domiciled in Karachi Pakistan.

3. That the Plaintiff is a law abiding professional.

4. That the Defendant No. 1, and at all times relevant hereto, is a corporation, having its corporate headquarter at 1600 Amphitheatre Parkway Mountain View, CA 94043, United States.

5. That the Defendant No. 1 is a Service Provider/hosting company of the Impugned Domain, exercising full control over the same and the Defendant No. 2 is the developer/owner of the Impugned Application "JANG NEWS", Defendant No. 3 is the developer/owner of the Impugned Application "GEO NEWS", and Defendant No. 4 is the developer/owner of the Impugned Application "THE NEWS APP", all being sold/distributed through the Impugned domain of the Respondent No. 1.

6. That the Defendant No. 1 is a digital distribution platform for applications for the Android operating system and an online electronics and digital media store, operated by Google. The service allows users to browse and download applications developed with the Android SDK and published through Google,

as well as music, magazines, books, movies, and television programs. Users can also purchase hardware, such as Chromebooks, Google Nexus-branded mobile devices, Chromecasts, and accessories, through Google Play.

7. That the Defendant No. 2 is John Doe and is the infringer of the trademark "JANG" and the Defendant No. 3 is John Doe infringer of the trademark "GEO" and the Defendant No. 4 is the infringer of the trademark "THE NEWS", all licensed/owned by the Plaintiff.

## JURISDICTIONAL STATEMENTS

8. The Court has subject matter Jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and the Defendant No. 1 and the amount in controversy exceeds $75,000 exclusive of costs and interest.

9. That the Jurisdiction over Defendant No. 1 is proper because the Defendant No 1 is involved in the business of electronic commerce/Internet Commerce for hosting and having control over its services being provided in not only United States but all over the globe.

10. The residents of the Massachusetts have control and access to the infringing Domain i.e. https://play.google.com/, same infringing upon the stylized trademark logos of the Plaintiff. The misuse of the trademarks belonging to the Plaintiff should be enough to constitute minimum contacts for the purposes of establishing the personal jurisdiction between the Plaintiff and the Defendant No. 1.

11. That the injury and harm to the Plaintiff has occurred in the Massachusetts.

12. That even otherwise the Court has subject matter jurisdiction for the claim being of Trademark infringement.

13. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in the District.

## FACTUAL STATEMENTS

14. That the Plaintiff is the common law and statutory licensee of the Impugned Mark "THE JANG" in US through Trademark Number: 86123767 and licensee of the Impugned Mark "GEO" in United Kingdom through the Trademark Number UK00003031147 and licensee/owner of "THE NEWS" in US through trademark Number: 86123789 (**See Annexure A**). The Plaintiff has been using the same logos since 1998 in connection with the news publication; broadcasting; telecommunication; news; entertainment; live shows; comedy in Classes 38 and 41 of the International *Classification* of Goods and Services for the Purposes of the Registration of Marks under the *Nice* Agreement.

15. That, to shock and dismay of the Plaintiff, it has recently disclosed to the Plaintiff that the names of the Impugned Applications and the Impugned Logos are confusingly similar to the Trademarks of the Plaintiff, and the operator/user/owner of the Impugned Applications are using the Trademark names as well as the stylized logos (the '**Impugned Logos**' – **Annexure B**) as their own, without the permission and consent of the Plaintiff.

16. That the Defendant No. 2 is using the Plaintiff's trademark 'THE JANG", the Defendant No. 3 is using the trademark "GEO" and Defendant No. 4 is using the trademark "THE NEWS" in violation of multiple international conventions, treaties as well as criminal laws and civil laws regarding trademark infringement, counterfeiting, and unfair competition. The owner/operator/user of the Impugned Applications has acted *mala fide* and his act of using Plaintiff's trademarks in his business and on Impugned Application is illegal, unlawful, unauthorized and damaging to the name, business and repute of the Plaintiff.

[Screenshot containing the evidence of the infringement of the Impugned Trademarks is annexed herein as Annexure - B]

## DEFENDANTS KNOWLEDGE OF THE FALSITY

17. That, all the Defendant No. 1 was informed and was sent a notice of trademark infringement dated: 03.12.2013, therefore the same was fully aware of the infringement of the Plaintiff's Trademarks.

18. That, it is further added as per the knowledge of the Defendant No. 1 that the defendant has actual knowledge of the website's activities, that Defendant No. 1 knowingly avoided learning the full extent of the infringing activities and deliberately disregarded the notice/notifications of the Plaintiff. Therefore, the Defendant No. 1 knowingly enabled the infringing conduct by allowing selling the Impugned Applications and willfully permitting the infringers to display the logo of the Plaintiff as their own, and in consequence the Plaintiff suffered irreparable harm and damage.

19. The Defendant No. 1 had the constructive knowledge of the fact that its customer, Defendant No. 2 and Defendant No. 3, were using its services to directly infringe the Plaintiff's intellectual property rights, and the same "had reasonable means to withdraw its services so that they could not be used to directly infringe but continued to provide its services", but deliberately failed to stop the infringement and mitigate the harm to the Plaintiff.

20. That the Plaintiff is continuously suffering loss and harm to its business, repute and the same is continuously imputing the brand identity and saturation of the brand/logos of the Plaintiff, which can cause irreparable loss to the Plaintiff.

21. That, the Defendant No. 1 has even refused to provide the required information regarding the owner/operator/user of the Impugned Applications and Impugned logos to the Plaintiff. That shows the obvious *mala fide* on part of the Defendant No. 1 and its willful aid and abetment in the infringements of the intellectual property rights of the Plaintiff by the Defendant No. 2, 3 and 4.

## HARM TO BUSINESS

22. Since the infringements of the trademarks of the Plaintiff, the Plaintiff business has suffered heavy losses due to confusion among the customers of the Plaintiff as many of the customers have been deceived into diversion to the Impugned Domain.

23. The infringements are causing saturation of the logo and brand of the Plaintiff thus causing irreparable loss to the brand and identity of the Plaintiff's business.

24. That, the continuous infringements of the Plaintiff's Trademarks have caused mental torture, mental agony and stress to the Plaintiff and thus have diminished the working ability of its owners and employees.

25. As a direct and proximate result of the actions of the Defendant/s as detailed above, the Plaintiff has suffered irreparable loss and damage to his business and goodwill gained thereby.

26. That the injuries are the natural consequence of, and directly and proximately caused by, the willful and deliberate act of the Defendants.

## FIRST CAUSE OF ACTION- TRADEMARK INFRINGEMENT

27. The Defendants illegal, unauthorized use of the trademark of the Plaintiff is first cause of action against the Defendants.

28. The Plaintiff sent a Trademark infringement notice to the Defendant No. 1 for to Cease and Desist the infringement of the intellectual property rights of the Plaintiff, but the same failed to do so and let the violations continue.

29. That the Defendant has knowledge of the infringement but instead ignored to redress the grievances of the Plaintiff.

30. That, the Defendant No. 1 has even refused to inform infringer or produce its information to the Plaintiff, showing obvious *mala fide*.

### SECOND CAUSE OF ACTION – PUNITIVE DAMAGES

31. That the actions of the Defendants were intentional, mala fide, illegal, unlawful and full with damaging intentions.

32. That the act of infringement has caused loss up to $ 5 Million till the filing of this case and is growing on everyday basis.

WHEREFORE, Plaintiff request that this Court enter judgment against all Defendants, jointly or severally, as follows:

    i.      Damages in the amount of $ 5 Million.

    ii.     Punitive damages and attorney's fees; and

    iii.    Any and all relief to which Plaintiff may appear entitled.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of the Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: 12/12/2013

Respectfully submitted

Mr. Naeem Ahmed