UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-13129-RWZ

NAEEM AHMED

v.

GOOGLE INC., *et al.*

ORDER

June 12, 2014

ZOBEL, D.J.

Plaintiff Mr. Naeem Ahmed, domiciled in Karachi, Pakistan, filed this action "to protect its (*sic*) established and licensed trademark (sic) JANG, GEO and THE NEWS ... in United States and United Kingdom ... [against] very serious nature of infringements regarding the same trademarks..." (Complaint, ¶ 1). The named defendants are Google Inc. ("Google"), and three John Does. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332. Google has moved to dismiss or for a more definite statement (Docket # 14). The motion is allowed on both grounds, lack of diversity jurisdiction and failure to state a claim.

In the complaint plaintiff states that he is domiciled in Karachi, Pakistan, and has been so at all times relevant. Defendant Google's corporate headquarters are in California. So far so good. The John Doe defendants, referred to as defendants No. 2, No. 3 and No. 4, are alleged to be respectively "the developer/owner of the Impugned

Application[s] 'JANG NEWS' ... 'GEO NEWS' ...and 'THE NEWS APP,'" all being sold/distributed through the Impugned domain of the Respondent No. 1" (Complaint, ¶ 5). The complaint also charges each of the John Doe defendants with "selling an application of the trademarks mentioned above" (Complaint, ¶ 1). None of the allegations even suggest the citizenship of these defendants and thus provide no basis for this court to ascertain and exercise diversity jurisdiction.

The complaint is equally vague and devoid of facts showing plaintiff's ownership of the marks defendants are accused of infringing. In another of plaintiff's actions in this court, Ahmed v. Twitter, Inc., et al., No. 14-10025-RGS, Judge Stearns has set forth in detail the history and use of the same trademarks asserted in this lawsuit, which I adopt. That history, which is also set out in the supporting papers in this case, makes clear that contrary to plaintiff's wholly unsupported assertions, plaintiff has no rights in the asserted trademarks and thus no right to claim infringement by defendants.

The motion to dismiss (Docket # 14) is ALLOWED. Judgment may be entered dismissing the complaint with prejudice.

    June 12, 2014                      /s/Rya W. Zobel
        DATE                               RYA W. ZOBEL
                                                      UNITED STATES DISTRICT JUDGE